An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DARREN WALLACE, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64576

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Darren Wallace, Jr., contends that the prosecutor committed misconduct during closing argument. When reviewing allegations of prosecutorial misconduct, we first determine whether the prosecutor's conduct was improper, and then consider whether the improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008).

First, Wallace contends that the prosecutor shifted the burden of proof to him by "implying that there could have been evidence presented, but wasn't, and that the State had in fact presented all of the evidence the jury needed." Because Wallace did not object to the statements he challenges on appeal, we review for plain error. *See id.* at 1190, 196 P.3d at 477. We conclude that the challenged statements were appropriate and did not shift the burden of proof. *See Barron v. State*, 105 Nev. 767, 780, 783 P.2d 444, 452 (1989) (the prosecutor may argue that a

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19093

defense is not credible and explain how the evidence supports that conclusion); *Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 415 (2001) ("[T]he prosecutor may comment on a defendant's failure to substantiate a claim."). Moreover, the prosecutor emphasized that the defense had no duty to present evidence; therefore, Wallace fails to demonstrate that his substantial rights were affected. *See Leonard*, 117 Nev. at 63, 17 P.3d at 403.

Next, Wallace contends that the prosecutor committed misconduct by comparing his defense to a "gypsum giant," and the district court erred by overruling his objection to the comparison.[1] During rebuttal, the prosecutor told the story of a man who wanted to "perpetrate [a] fraud upon the public," so he created a large figure out of gypsum and claimed that it was a fossilized giant. The man sold tickets to view his forgery, and his fame grew. When legendary circus owner P.T. Barnum learned of the money the man was making, he built his own fraudulent giant and attempted to convince the public that his giant was real and the other man's was not. According to the prosecutor, Barnum's partner did not want to deceive the public, but Barnum told him "[w]e're in business to sell tickets . . . and if I can convince the public that my giant is the real one and if I can sell tickets to this and make money from it, it doesn't matter whether I'm perpetrating a fraud." The prosecutor explained that

---

[1]We reject the State's assertion that Wallace's objection was insufficient to preserve this claim.

the hoax was one of the biggest in history–spawning the phrase "there's a sucker born every minute"–and concluded by stating "please, don't buy into this gypsum giant of doubt that [defense counsel] is presenting to you."

Having considered this story in context, we conclude that it disparaged the defense and constitutes misconduct. Although anecdotes and artful phrases are appropriate in closing argument, the selection of this particular story and relation of it to the defense implied that the defense was attempting to perpetrate a fraud and was improper. *See Butler v. State*, 120 Nev. 879, 899, 102 P.3d 71, 85 (2004) (finding error where the prosecutor stated that the defense was trying to deceive the jury and warned jurors not to let themselves be "fooled"). However, we conclude that the misconduct constitutes harmless error because it does not appear that the story was intended to inflame jurors' passions and did not misconstrue the defendant's constitutional rights. *See Valdez*, 124 Nev. at 1192, 196 P.3d at 479. *Cf. McGuire v. State*, 100 Nev. 153, 156-7, 677 P.2d 1060, 1063 (1984) (finding "intolerable" misconduct where the prosecutor repeatedly misled the jury as to the extent of the defendant's constitutional rights, and made comments which could "only have impermissibly served to inflame the emotions of the jury"). Moreover, substantial evidence was presented to support the conviction. Accordingly, we conclude that no relief is warranted. *See Leonard*, 117 Nev. at 81, 17 P.3d at 414 ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.").

Finally, Wallace contends that cumulative error entitles him to relief. We disagree because the one error we have found was harmless, and "[o]ne error is not cumulative error." *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

Having considered Wallace's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valerie Adair, District Judge
Creed & Giles, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk